## DÍAZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of San Juan.

No. 55.—Decided April 28, 1910.

REFUSAL TO RECORD INSTRUMENT—REASONABLE DOUBT IN RESPECT TO RIGHT
WHICH IT IS SOUGHT TO RECORD.—The registrar must refuse to record an
instrument, not only when he is certain that the right which it is sought to
record is already recorded in favor of some other person, but when he has
a reasonable doubt the record should also de denied.

ID.—DOUBT UNFOUNDED.—It would be necessary to show that the doubt of the
registrar was without foundation, before this court could reverse his decision
and order the admission of the instrument to record, and this has not been
shown in the present case.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On March 1, 1910, Ernesto Díaz filed for record in the Reg-
istry of Property of San Juan, a certified copy of a public
deed executed in Naranjito before Notary José Pablo Morales
on January 23, 1873, by which Isaac Morales sold to Antolín
Morales an estate of 120 *cuerdas*, situated in *barrio* "Guar-
diana" in the jurisdiction of Naranjito.

On March 17, 1910, the registrar denied the record applied
for by means of the following decision:

"The record of the foregoing document is denied because there
are recorded in the registry, in favor of Josefa Juana y López, two es-
tates, one having an area of 55 *cuerdas* and the other 21 *cuerdas*,
which, on account of their origin and the fact of some of the boun-
daries coinciding, appear to form part of the estate of 120 *cuerdas*
sold, and in lieu thereof a cautionary notice has been entered to be
effective for the legal term in the name of Antolín Morales, in view of
an additional document, at folio 130, volume 7 of Naranjito, estate
429, record letter A."

And the present appeal was taken from said decision of
the registrar.

The appellant alleges:

"The registrar should have recorded the estate or denied the record in specific terms, in accordance with the provisions of article 20 of the Mortgage Law, third paragraph, but not have taken the action that he has and assumed a position of doubt as to whether the estate of Morales could form part of a larger estate as has been said."

We do not agree with the theory advanced by the appellant with respect to the duties of the registrar.

We are of the opinion that the registrar should deny the record not only when he is fully certain that the right sought to be recorded has already been recorded in the name of a person other than the one who makes the transfer, but also when he has a reasonable and well-founded doubt thereon. (See article 20 of the Mortgage Law, the case of *Morales* v. *The Registrar of San Juan* [15 P. R. Rep., 680], decided November 19, 1909, and the cases therein cited.)

It would be necessary to show that the doubt of the registrar was groundless in order to permit us to reverse his decision and order the record sought. And in this case, against the conclusion of that official based on an examination of the registry, we have only the mere statement of the appellant who confines himself to discussing the decision without even affirming that the estate which he sought to have recorded was different from those refererd to in the decision denying the record.

The appeal should be dismissed and the decision affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.